# UNITED STATES DISTRICT COURT
for the
Northern District of New York

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
OCT 24 2013
AT_____O'CLOCK_____
Lawrence K. Baerman, Clerk - Plattsburgh

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| RYAN STAPLES, | ) Case No. 8:13-m-517(LAK) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **October 24, 2013** in the county of **Franklin** in the **Northern** District of **New York**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) | On October 24, 2013, did knowingly possess child pornography that had been transported using any means of interstate and foreign commerce and in and affecting such commerce, and that was produced using materials which have been so transported, in violation of 18, U.S.C. § 2252A(a)(5)(B). |

This criminal complaint is based on these facts:
See attached affidavit.

☒ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Aracelis Santana, HSI
_____
Printed name and title

Sworn to before me and signed in my presence.

Date: October 24, 2013

_____
Judge's signature

City and state:   Plattsburgh, New York

Hon. Larry A. Kudrle, US Magistrate Judge
_____
Printed name and title

## AFFIDAVIT IN SUPPORT OF
## CRIMINAL COMPLAINT

I, Aracelis Santana, a Special Agent with Homeland Security Investigations, being duly sworn, depose and state as follows:

## INTRODUCTION

1. I am a U.S. Immigration and Customs Enforcement Homeland Security Investigations (HSI) Special Agent within the U.S. Department of Homeland Security and have been assigned to the Resident Agent in Charge, Rouses Point, New York since August 2002. I have been a special agent for approximately (10) ten years. I have completed the Criminal Investigator Training Program and Customs Basic Enforcement School at the Federal Law Enforcement Training Center in Glynco, Georgia. During both basic training, and subsequent training, I received instruction on conducting online child pornography investigations. As an HSI Special Agent, I am authorized to seek and execute federal arrest and search warrants for Title 18 criminal offenses, including offenses related to the sexual exploitation of minors, specifically those involving the production, possession, receipt or distribution of child pornography, in violation of Title 18 United States Code Sections 2251 and 2252A. Since 2002, I have been the affiant for, conducted, and participated in the execution of Federal search warrants in child pornography investigations. I am responsible for investigations involving the production, importation, advertising, receipt, and distribution of child pornography which occur in the Northern District of New York.

2. As a federal agent, I am authorized to investigate violations of United States laws and to execute search warrants issued under the authority of the United States.

3. This affidavit is made in support of a criminal complaint charging Ryan STAPLES with violations of Title 18, United States Code, Section 2252A(a)(5)(B) (possession of child pornography).

4. The statements in this affidavit are based in part on information developed by your affiant and on my investigation of this matter, including the results of a search warrant executed on October 24, 2013. I have set forth only those facts that I believe are necessary to establish probable cause to believe that Ryan STAPLES has committed violations of Title 18, United States Code, Section 2252A(a)(5)(B).

## THE INVESTIGATION

5. Since at least in or about June 2012, the U.S. Immigration and Customs Enforcement's (ICE), Homeland Security Investigations (HSI), Cyber Crimes Center (C3), Child Exploitation Investigations Unit (CEIU), Victim Identification Program (VIP), as well as various international law enforcement agencies, have been investigating an online website that has been used extensively by persons interested in exchanging images depicting child pornography to meet and become trading partners. This website is referred to as "Website A."

6. In approximately June 2012, HSI obtained a certain portion of Website A data, including information related to Website A usernames, album names, album passwords, user comments, and associated email addresses and IP logs associated with specific albums. This information was provided to HSI by a foreign law enforcement agency which had received this data voluntarily from Website A in connection with a foreign law enforcement agency's investigation concerning certain users of Website A. HSI has subsequently received additional Website A data from the foreign law enforcement agency and which includes information as recent as March 2013.

2

7. In August 2013, the U.S. Immigration and Customs Enforcement's, Homeland Security Investigations, Cyber Crimes Center, Child Exploitation Investigations Unit (hereinafter "ICE/CEIU") forwarded information to HSI Albany and subsequently to HSI Rouses Point which was received by your Affiant and which illustrated the following information, in substance and in part:

   a. A user identified as "capdip2" registered an account on Website A on or around August 5, 2011 at which time this user linked to the account email addresses capdip@yahoo.com and capdip2@yahoo.com. The user listed his real name as "steve". The profile picture shown for "capdip2" appears to be a photo of a child. "Capdip2" published five (5) password protected files on Website A. Your affiant reviewed all of these images in these albums and all of them depict images of male prepubescent children, including several photos focused on a child's groin area where it appears that the child is having an erection.

   b. A user identified as "capdip3" registered an account on Website A on or around November 16, 2012, at which time the user linked to the account email address capdip3@yahoo.com and the same previously referenced email address associated with the "capdip2' account, capdip@yahoo.com. The user listed his real name as "steve". Under the "user info" information tab, member "capdip3" wrote "send if you want to trade." Your affiant reviewed all of the images in this album which depict images of a male prepubescent child who can be seen taking off his clothes and keeping on only his underwear. Several photos contain close-up images of the child's groin region with what appears to be a partial erection.

   c. A user identified as "capdip4" registered an account on Website A on or around January 20, 2013, at which time the user linked email addresses capdip4@yahoo.com and the same previously referenced email address associated with the "capdip2" and "capdip3" accounts,

3

capdip@yahoo.com, to the account. The user listed his real name as "steve." Under the "user info" information tab, member "capdip4" wrote "looking for trades." The profile picture shown for "capdip4" appears to be a photo of a child. "Capdip4" published seven (7) password protected albums on Website A. "Capdip 4" provided descriptions of those albums. Some of the descriptions were: "original samples of a great video will trade"; "looking for trades"; and "originals please don't repost will trade." Your Affiant reviewed all of the images within the albums. The images were of prepubescent males, including several photographs of a boy sitting down in the grass with his legs open and through his shorts opening it can be seen what appears to be his genitalia. In the background of some of the images, the television set is clearly visible and is playing an adult pornographic movie.

  d. In regard to the aforementioned accounts on Website A, comments by other members of this website indicate the user's knowledge that individuals were interested in the private trading of images of children. For example, one member commented on one of "capdip2's" images, "pls more on [REDACTED EMAIL ADDRESS]. Another member commented, "they are both beautiful. do you have nudes of them??? would love to trade." Based on my training and experience, these statements indicate a desire to trade images. Additionally, as previously referenced, anytime an individual posts a comment to an album, the owner of that album is automatically notified by Website A by means of the registered email address. Similar comments were made on images in "capdip3's" and "capdip4's" albums.

  8. On August 13, 2013, Special Agent (SA) Iain Walker, HSI Albany, New York conducted a review of the user logs of the account "capdip2" from Website A which were provided by the Homeland Security Investigations (HSI) Cyber Crimes Center (C3). These logs illustrated that this account had been accessed on March 14, 2013 from IP address 74.71.191.212

4

and on May 15, 2013 and May 20, 2013 from IP address 74.71.180.215. SA Walker also conducted a review of the user log for account "capdip3" from Website A which illustrated that this account had been accessed on March 14, 2013 from IP address 74.71.191.212. Moreover, SA Walker conducted a review of the user logs for account "capdip4" from Website A which illustrated that this account had been accessed on March 7, 2013 and March 10, 2013 from IP address 74.71.191.212.

9. Special Agent Iain Walker conducted queries of IP addresses 74.71.180.215 and 74.71.191.212 through the American Registry for Internet Numbers which illustrated that these IP addresses were registered with Time Warner Cable Internet LLC.

10. On August 13, 2013, Special Agent Walker served a Department of Homeland Security Summons on Time Warner Cable Internet LLC requesting subscriber information for the user of IP addresses 74.71.191.212 and 74.71.180.215 on the previously referenced dates. On August 13, 2013, a response to the Summons was received indicating the IP addresses were assigned to an account in the name of "[REDACTED]" Staples at 3 White Street, Chateaugay, New York, 12920 and that this account has been active since February 21, 2013 through present. The phone number listed was 518-4[REDACTED]-[REDACTED].

11. On September 10, 2013, HSI Special Agent Aracelis Santana and HSI Task Force Officer Sheriff Deputy Joey Upton traveled to 3 White Street, Chateaugay, New York to search for open wireless networks in proximity of the residence. Agents began a wireless internet search from their vehicle located on White Street in front of the residence. Agents used a government issued Apple Mac Book Pro laptop to detect any wireless internet access points in the vicinity of the subject premise. Agents identified three (3) wireless networks using the laptop from the street outside the subject premise. Agents attempted to connect to all three wireless

networks and were prompted for a password. The wireless networks cannot be accessed unless the correct password is provided. All other wireless signals detected were locked in a similar manner.

12. On October 24, 2013, your affiant and other agents went to 3 White Street, Chateauguay, NY to execute a previously authorized search warrant.

13. When agents entered Ryan STAPLES was there.

14. Agents searched the home and located a DELL Dimension 4600 Tower desktop computer in Ryan STAPLES' bedroom.

15. Agents previewed the Dell Dimension 4600 Tower desktop computer hard drive. Contained within the hard drive, agents located numerous images containing child pornography. The images were viewed by the on-site Computer Forensic Agent, and they are available to the court upon request. Two of them are described as follows:

   a. Still photo of a young prepubescent male, completely nude lying on his back with his knees pulled to his chest, shoulder width apart exposing his genitals, with the camera focusing on his anus.

   b. Still photo of a young prepubescent male with his pants pull down above his knees, exposing his penis. The photo is a close up of his genital area.

16. Agents read Ryan STAPLES his <u>Miranda</u> rights which he waived. STAPLES stated that he had no idea how child pornography photographs got in his computer. STAPLES further stated that he could not answer how his household items were in the pictures and how some of the victims are related to him. When asked if he was personally responsible for downloading child pornography, STAPLES said that he "cannot answer that." When asked if the

minor males depicted in images found on his computer would identify him as taking the photos how he would respond, again STAPLES responded "I cannot answer that."

## CONCLUSION

17.    Based on the foregoing, there is probable cause to conclude that Ryan STAPLES has knowingly possessed child pornography that has been transported using any means of interstate and foreign commerce and in and affecting such commerce, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

*Aracelis Santana*
Special Agent Aracelis Santana
U.S. Immigration and Customs Enforcement
Homeland Security Investigations

Sworn and subscribed before me
this 24th day of October, 2013.

_____
HON. LARRY A. KUDRLE
UNITED STATES MAGISTRATE JUDGE